[No. 18222.   Department Two.—March 23, 1894.]

# LOUIS BACIGALUPI, RESPONDENT, v. FRANCISCO CADAMARTORI ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—FRAUD—COMPROMISE.—In an action to foreclose a mortgage, where the defendants pleaded fraud in its procurement, by reason of false representations of the plaintiff to the effect that certain mining property conveyed by defendants to plaintiff in trust was vested absolutely in the plaintiff, and that he could not be legally compelled to reconvey it, and alleged that defendants, relying upon these representations, which they believed to be true, executed without consideration the note and mortgage upon which the action was brought, proof that subsequent to the alleged fraud the plaintiff and defendants, by the advice of their attorneys, fairly compromised and settled all matters and disputes between them, and that the note and mortgage sued upon were given in pursuance of this compromise agreement is sufficient to sustain a decision and judgment foreclosing the mortgage.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.

The facts are stated in the opinion.

*F. W. Street*, for Appellants.

The plaintiff held the mines in trust, and used his position as trustee to make profits out of the defendants. This was in violation of his trust and contrary to law. (Perry on Trusts, sec. 427–33; Civ. Code, secs. 2228, 2229, 2234.)   The plaintiff having accepted the trust, entered into the possession of the mines, and received the profits, the law will not allow him to dispute its validity, particularly for his own benefit.   (*Page* v. *Naglee*, 6 Cal. 245.)   The note and mortgage having been obtained from Cadamartori through the fraud practiced by the plaintiff upon him, he now has the right to rescind the contract.   (Civ. Code, sec. 1689.)   A court of equity should deny plaintiff the relief he asks for, namely, the foreclosure of the mortgage. (Pomeroy's Equity Jurisprudence, sec. 401.)

*J. B. Curtin,* for Respondent.

The plaintiff, during the time he held the title to these mines did not hold them in trust for the use or benefit of the defendants or either of them. (Civ. Code, sec. 852; *Barr* v. *O'Donnell,* 76 Cal. 471; 9 Am. St. Rep. 242.)

FITZGERALD, J.—Action to foreclose a mortgage.

The defendants in their answer admit the execution of the note and mortgage, but deny that there was any consideration therefor, and aver fraud in the procurement thereof.

The facts constituting the fraud complained of are substantially alleged as follows: That prior to the execution of the note and mortgage plaintiff held the legal title to certain mining property theretofore conveyed to him in trust by the defendants; that upon repeated demands being made upon him by the defendants for a reconveyance of said property, plaintiff, in violation of his trust, refused to do so, unless the defendants acceded to certain demands made upon them by him, among which was the execution of the note and mortgage in question; that in making these demands plaintiff, with intent to deceive and defraud the defendants of their said property, falsely and fraudulently represented to them that the title thereto was vested absolutely in him, and that he could not be legally compelled to reconvey it; that defendants relying upon these representations, which they believed to be true, and being in fear of losing their property unless they yielded to his demands, although they were not indebted to him at the time in any sum whatever, executed the note and mortgage upon which this action is brought.

Conceding, for the purpose of this case, that the mining property referred to was conveyed by defendants to plaintiff in trust as alleged, and that it was so accepted and held by him, although the court in its decision found to the contrary, still, the evidence shows that subsequent to the alleged refusal to reconvey, and the

making of the fraudulent representations complained of, the plaintiff and defendants met at the office of the attorney of the latter and then and there acting upon the advice and with the assistance of their said attorney entered into an agreement with the plaintiff, by the terms of which the matters in dispute between them were compromised and settled, and the note and mortgage herein given in pursuance thereof.

In view of this settlement, which the court in its decision finds was a compromise agreement and was made "without any menace, duress, or fraud, or fraudulent intent, false statement, or misrepresentation," it follows that the errors complained of are either untenable or immaterial.

Let the judgment and order be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.